UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Elizabeth T. Foster (NJ # 009152006)
DeSantiago & Foster
A Partnership Including Professional Corporations
Elizabeth T. Foster, Attorney at Law, LLC
22 E. Quackenbush Ave.
Dumont, NJ  07628
201 290 5761
201 215 9574 (fax)
liztlaw@gmail.com

Andrew Bizer, *pro hac vice* pending
Garret S. DeReus, *pro hac vice* pending
Bizer Law Firm, LLC
3319 St. Claude Ave.
New Orleans, LA  70117
504 619 9999
504 948 9996 (fax)
andrew@bizerlaw.com
gdereus@bizerlaw.com

Attorneys for Plaintiff

----------------------------------------------------x
ANDREW HUZAR,                          :
an individual,                         :
              Plaintiff,               :
                                       :
vs.                                    :
                                       :
                                       :     Civ. No. _____
NEW BRUNSWICK HOUSING                  :
AUTHORITY and                          :
JOHN CLARKE, in his official           :
capacity as Executive Director of      :
the NEW BRUNSWICK HOUSING              :
AUTHORITY,                             :
                                       :
              Defendants.              :
----------------------------------------------------x

## COMPLAINT

## JURISDICTION AND PARTIES

1.      Plaintiff, ANDREW HUZAR ("MR. HUZAR"), an individual, resides in New

1

Brunswick, NJ.

2. NEW BRUNSWICK HOUSING AUTHORITY ("NEW BRUNSWICK HA") owns the Properties that are the subject of this action located at 32-34 Easton Avenue, New Brunswick, New Jersey 08901.

3. NEW BRUNSWICK HA has its offices at 7 Van Dyke Avenue, New Brunswick, NJ 08901.

4. JOHN CLARKE (hereinafter "CLARKE") is the Executive Director of NEW BRUNSWICK HA.

5. NEW BRUNSWICK HA and CLARKE (hereinafter, collectively referred to as "DEFENDANTS") are the entity and official responsible for the Properties at issue herein.

6. MR. HUZAR hereby sues NEW BRUNSWICK HA for damages, injunctive and declaratory relief, and attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*., the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*., and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-5, and sues CLAKRE, in his official capacity as chief executive of NEW BRUNSWICK HA, for injunctive and declaratory relief, attorneys' fees and costs pursuant to Title II of the ADA and the Rehabilitation Act, and the New Jersey Law Against Discrimination, and states as follows:

7. This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343. The Court is vested with supplemental jurisdiction over MR. HUZAR's state law claim pursuant to 28 U.S.C. § 1367 as this claim arises out of the same case or controversy as MR. HUZAR's federal claims.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the DEFENDANTS' Properties, which are the subject of this action, are located in Middlesex County, New Jersey.

## FACTS

9.    Plaintiff, ANDREW HUZAR, (hereinafter referred to as "MR. HUZAR"), a resident of Middlesex County, New Jersey, is a qualified individual with a disability under the ADA. MR. HUZAR is afflicted with spina bifida.

10.    Due to his disability, MR. HUZAR is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. HUZAR is unable to walk, stand, or use his legs without assistance.

11.    Upon information and belief, NEW BRUNSWICK HA is a public entity organized in the State of New Jersey and doing business in Middlesex County, New Jersey.

12.    Upon information and belief, NEW BRUNSWICK HA'S principal place of business in the State of New Jersey is 7 Van Dyke Avenue, New Brunswick, New Jersey, 08901.

13.    Upon information and belief, NEW BRUNSWICK HA is the public entity which owns and is responsible for the Properties located at 32-34 Easton Avenue, New Brunswick, New Jersey 08901.

14.    Upon information and belief, CLARKE is the chief executive officer of NEW BRUNSWICK HA, and, in his official capacity as chief executive, has responsibility for and has control over the administration, operation, and maintenance of the programs and services provided at the subject Properties.

15.    Upon information and belief, DEFENDANTS operate the subject Properties under

Title II of the ADA.

16.    DEFENDANTS are obligated to comply with the ADA.

17.    All events giving rise to this lawsuit occurred in the New Jersey Division, Middlesex County, New Jersey.

<u>**COUNT I**</u>
<u>**VIOLATION OF TITLE II OF THE ADA**</u>

18.    MR. HUZAR realleges and reavers paragraphs 1-17 as if they were expressly restated herein.

19.    The Properties are operated as restaurants.

20.    MR. HUZAR most recently visited the Property at 32 Easton Avenue, EFES Mediterranean Grill on October 11, 2015. MR. HUZAR most recently visited the Property at 34 Easton Avenue, Paulies Pizza Cafe on October 11, 2015.

21.    While at the Properties MR. HUZAR tried to access numerous architectural features but encountered numerous barriers which hindered his ability to access the programs, services and goods offered at the Properties.

22.    At times while at the Properties, MR. HUZAR had found it impossible to enter the Properties due to the lack of a ramp or designated alternative entrance.

23.    MR. HUZAR plans to return to the Properties in the near future to utilize the services and activities administered at the Properties.

24.     MR. HUZAR continues to desire to visit the Properties, but fears that he will experience serious difficulty again due to the barriers discussed in paragraph 30 which still exist.

25.    The barriers discussed below are excluding MR. HUZAR from the programs and services offered at the Properties.

4

26.     MR. HUZAR plans to and will visit the Properties in the future, both as a patron and as an ADA tester to determine if the barriers to access alleged herein have been modified.

27.     Upon information and belief, NEW BRUNSWICK HA is a public entity, subject to the ADA, which owns and administers the Properties.

28.     Upon information and belief, CLARKE is the chief executive officer of NEW BRUNSWICK HA, and bears responsibility in his official capacity for administering, operating, and maintaining the programs and services provided at the subject Properties.

29.     DEFENDANTS have failed to adopt any alternatives to barrier removal which would provide MR. HUZAR with meaningful access to the goods, services, and programs which are offered at the Property.

30.     Upon information and belief, DEFENDANTS have discriminated, and are continuing to discriminate, against MR. HUZAR in violation of the ADA by excluding and/or denying MR. HUZAR the benefits of their services, programs, and/or activities by failing to, *inter alia*, have accessible facilities within five (5) years of January 26, 1992.  MR. HUZAR'S visits to the Properties show that the program, when viewed in its entirety, is not accessible.  These physical barriers to access include, but are not limited to:

   I.     At EFES Mediterranean Grill, 32 Easton Avenue

        I.      Two approximate six inch steps at the sole entrance to the Facility.

        II.     Failure to provide signage designating an alternative entrance.

        III.    Other architectural barriers and ADA violations to be uncovered

following a complete inspection of the Property.

II.     At Paulies Pizza Café, 34 Easton Avenue

    I.     One approximate six inch steps at the sole entrance to the Facility.

    II.    Failure to provide signage designating an alternative entrance.

    III.   Other architectural barriers and ADA violations to be uncovered following a complete inspection of the Property.

31.   42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

32.   DEFENDANTS have discriminated against MR. HUZAR by denying him full access to the services, programs, and/or activities by failing to make their facilities readily accessible as required by U.S.C. §12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq*.

33.   DEFENDANTS have discriminated, and are continuing to discriminate, against MR. HUZAR in violation of the ADA by excluding and/or denying MR. HUZAR the full and equal benefits of their services, programs, and/or activities by failing to, inter alia, have accessible facilities. MR. HUZAR personally experienced the numerous barriers to access at the Properties discussed herein.

34.   28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." DEFENDANTS have violated this provision

by providing their services, programs, and/or activities at an inaccessible facility.

35.    DEFENDANTS have discriminated against MR. HUZAR by excluding him from participation in, and denying him the benefits of, the services, programs, and/or activities at their Properties because of MR. HUZAR'S disability, all in violation of 42 U.S.C. § 12132.

36.    Upon information and belief, DEFENDANTS continue to discriminate against MR. HUZAR, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals.

37.    Upon information and belief, MR. HUZAR and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and/or activities of the Property, and have otherwise been discriminated against and damaged by DEFENDANTS' discrimination, as set forth above. MR. HUZAR and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy DEFENDANTS' discriminatory violations and avoid piecemeal litigation, MR. HUZAR requires a full inspection of the Property in order to catalogue and cure all the areas of non-

compliance with the ADA.

38.    MR. HUZAR has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from DEFENDANTS pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

39.    MR. HUZAR is without adequate remedy at law and is suffering irreparable harm.

40.    Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is provided authority to grant MR. HUZAR'S injunctive relief including an order for DEFENDANTS to alter the Property to make those facilities, and/or programs, and/or activities, readily accessible and useable to MR. HUZAR and all other persons with disabilities as defined by the ADA; or by closing the Property until such time as DEFENDANTS cure their violations of the ADA.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT

41.    MR. HUZAR adopts and re-alleges the allegations contained in paragraphs 1-40 as if fully stated herein.

42.    MR. HUZAR brings this claim against DEFENDANTS, based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq*.

43.    The Rehabilitation Act provides that:

> No otherwise qualified individual with handicaps in the United
> States, as defined by 7(8) [29 USCS § 706(8)], shall, solely
> by reason of his or her handicap, be excluded from the
> participation in, be denied the benefits of, or be subjected to
> discrimination under any program or activity receiving
> Federal financial assistance or under any program or activity
> conducted by any Executive agency or by the United States
> Postal Service. 29 U.S.C. § 794(a).

44.    Upon information and belief, as set forth herein, DEFENDANTS have violated the

Rehabilitation Act by intentionally excluding MR. HUZAR, solely by reason of his disabilities, from the participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under, DEFENDANTS' programs and activities.

45.    Upon information and belief, a non-exclusive list of DEFENDANTS' violations of the Rehabilitation Act and   discriminatory conduct against MR. HUZAR are evidenced by:

A.    denying MR. HUZAR access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered at the Properties;

B.    by otherwise limiting MR. HUZAR in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive DEFENDANTS' aids, benefits and services;

C.    making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered at the Properties;

D.    failing to administer services, programs and activities in the most integrated setting appropriate to the needs of MR. HUZAR;

E.    excluding MR. HUZAR from participation in, and the benefits of, the  services programs and activities as a result of the Property being

inaccessible to or unusable by MR. HUZAR; and

F.       failing to design and/or construct new facilities, or make alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities.

46.    Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at the Properties which MR. HUZAR is more likely than not going to encounter upon his future visits to the subject premises. MR. HUZAR brings this action:

A.       to redress injuries suffered as a result of DEFENDANTS' discriminatory actions and inactions set forth herein;

B.       to reasonably avoid further and future injury to MR. HUZAR as a result of DEFENDANTS' ongoing failure to cease its discriminatory practices as set forth in this action, including correcting violations of the Act;

C.       to ensure the Properties are accessible as required by the relevant applications of Title II of the ADA;

D.       to be made whole and ensure future compliance; and

E.       to reasonably avoid future ADA and Rehabilitation Act litigation involving the same Properties and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

47.    Only through a complete inspection of the Properties and related facilities, undertaken by MR. HUZAR and/or his representatives, can all said violations be

identified and cured so as to ensure access for the disabled, the primary purpose of this action.

48.   Upon information and belief, DEFENDANTS are the recipients of federal funds.

49.   Upon information and belief, as the recipient of federal funds, DEFENDANT NB HOUSING AUTHORITY is liable for damages to MR. HUZAR as a result of its acts and omissions constituting intentional discrimination.

50.   As set forth above, MR. HUZAR has been denied access to, and has been, and without the relief requested herein will continue to be denied the access to the goods, services, programs, facilities, activities and accommodations offered by DEFENDANTS solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of DEFENDANTS' Rehabilitation Act violations set forth above.

51.   MR. HUZAR has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action.  MR. HUZAR is entitled to recover those attorneys' fees, costs and litigation expenses from DEFENDANTS pursuant to 29 U.S.C. §794(b).

52.   Pursuant to 29 U.S.C. §794(a) this Court is provided authority to grant MR. HUZAR'S request for injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and discontinuing all non-complying services, activities, programs and

accommodations until the requisite modifications are completed; and, granting MR. HUZAR compensatory damages for NEW BRUNSWICK HA'S discriminatory actions.

## COUNT III
## VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

53.   Plaintiff realleges paragraphs 1-52 as if fully set forth herein.

54.   DEFENDANTS' Properties are places of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination). New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (See, N.J.S.A. 10:5-4.).

55.   As a result of the aforementioned discrimination, MR. HUZAR has sustained emotional distress, mental anguish and suffering, and invasion of his civil rights, in violation of the New Jersey Law Against Discrimination.

## PRAYER FOR RELIEF

WHEREFORE, MR. HUZAR prays that:

A.   This Court issue a Declaratory Judgment that determines that DEFENDANTS NEW BRUNSWICK HA AND CLARKE are in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*;

B.   This Court issue a Declaratory Judgment that determines that the property, programs and activities owned, operated and administered

by DEFENDANTS NEW BRUNSWICK HA AND CLARKE are in violation of the Rehabilitation Act;

C.    This Court grant preliminary and permanent injunctive relief against DEFENDANTS NEW BRUNSWICK HA AND CLARKE including an order to make all readily achievable alterations to the Properties; or to make the Properties readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require DEFENDANTS NEW BRUNSWICK HA AND CLARKE to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

D.    This Court enter an Order directing DEFENDANTS NEW BRUNSWICK HA AND CLARKE to alter and modify the Properties and their facilities, services, activities, programs and accommodations as appropriate to comply with the ADA and the Rehabilitation Act;

E.    This Court awards monetary damages, pursuant to Title II and 29 U.S.C. § 794a(a)2 for the harmed caused by DEFENDANT NEW

BRUNSWICK HA'S discriminatory conduct;

F.      This Court awards monetary damages, pursuant to N.J.S.A. 10:5-5, New Jersey Law Against Discrimination, for DEFENDANT NEW BRUNSWICK HA'S discriminatory conduct;

G.      This Court award of reasonable attorneys' fees, costs and litigation expenses pursuant to Title II of the ADA and the Rehabilitation Act; and

H.      Such other relief as the Court deems just and proper, and/or is allowable under Title II of the ADA and the Rehabilitation Act.

**<u>STATEMENT OF NO OTHER ACTION OR INTERESTED PARTIES</u>**

Plaintiff, by and through his counsel, hereby certifies that the matter in controversy is not the subject of any pending judicial or arbitration proceeding.   He is currently aware of no other parties who should be joined in this action.

Respectfully Submitted,

s/Elizabeth T. Foster

_____
Elizabeth T. Foster (NJ # 009152006)
DeSantiago & Foster
A Partnership Including Professional Corporations
Elizabeth T. Foster, Attorney at Law, LLC
22 E. Quackenbush Ave.
Dumont, NJ  07628
201 290 5761
201 215 9574 (fax)


Andrew Bizer, Esq., *pro hac vice* pending
Garret S. DeReus, Esq., *pro hac vice* pending
Bizer Law Firm, LLC
3319 St. Claude Ave.
New Orleans, LA  70117
504 619 9999
504 948 9996 (fax)
andrew@bizerlaw.com
gdereus@bizerlaw.com

Attorneys for Plaintiff